ORIGINAL

CT COURT
T OF TEXAS
CLERK, U.S. DISTRICT COURT
By ______
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON BRIGGS AND ROBERT BRIGGS, ET AL., PLAINTIFFS, | § | |
| vs. | § | CIVIL ACTION NO.__________ |
| MERCK & CO., INC., HARVEY RESNICK, M.D., AND R/D CLINICAL RESEARCH, INC., DEFENDANTS. | § | |

**NOTICE OF REMOVAL**

Merck & Co., Inc. ("Merck"), defendant in the above-styled case, files this Notice of Removal of the civil action filed against it by Sharon and Robert Briggs, Joyce and Larry Bolen, Alice Bowins, Sandra Colvin-Griffith, Antwinette Clurksy, David and Kathy Conditt, Johnny Lee Davis, Paul Garcia, Michael and Sherri Joiner, Homer Kennedy, Sr. and Julie Kennedy, Clinton and Pamela Lenormand, Carolyn and Eric Smith, Rosa Linda Staton, Individually and as Personal Representative of the Heirs and Estate of David Wayne Staton, Deceased, Carolyn and Albert Taucer, Linda and Robert Mitchell, Marjorie and Jerry Tucker, Chip Valdone, Deborah Kearns, Scott and Sandra Bareham, Scott and Katrina Knowles, Alysoun and Michael Holland, Robert Camp, Individually and as Personal Representative of the Heirs and Estate of Mary Camp, Deceased, Anna Barrett, Individually and as Personal Representative of the Heirs and Estate of Wiley Barrett, Jr., Deceased, and Scott Nickell, (collectively, "Plaintiffs"), to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court:

1. On December 31, 2002, Plaintiffs commenced a civil action against Merck, Dr. Harvey Resnick, and R/D Clinical Research, Inc., in the 68th District Court of Dallas County, Texas, which was assigned Cause No. 02-12062-C. On January 10, 2003, Merck was served with a copy of Plaintiffs' Original Petition and Jury Demand ("Petition"). On January 21, 2003, Dr. Harvey Resnick and R/D Clinical Research, Inc. were served with a copy of Plaintiffs' Petition.

2. Merck filed and served its Original Answer on January 27, 2003.

3. No further proceedings have been had in the state court action.

4. The time within which Merck is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this notice of removal has not yet expired.

5. For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

6. On information and belief, Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiffs allege that they suffered "cardiovascular and/or renal attack and/or failure." (Petition at 5). The Petition states that Plaintiffs are seeking "compensatory, punitive and exemplary damages" for, among other things, the "Physical pain and suffering of Plaintiffs," the "Mental anguish of Plaintiffs," "Medical and Counseling expenses," and attorneys' fees and costs. (Petition at 14). Plaintiffs also seek recovery for, among other things, wrongful death. (Petition at 14).

7. There is complete diversity between the parties. On information and belief, Sharon and Robert Briggs and Deborah Kearns, were at the time of the filing of both this

action and this Notice of Removal, citizens of the State of Florida. On information and belief, Joyce and Larry Bolen, Alice Bowins, Sandra Colvin-Griffith, Antwinette Clurksy, David and Kathy Conditt, Johnny Lee Davis, Paul Garcia, Michael and Sherri Joiner, Homer Kennedy, Sr., Julie Kennedy, Clinton and Pamela Lenormand, Carolyn and Eric Smith, Rosa Linda Staton, Carolyn and Albert Taucer, Linda and Robert Mitchell, Marjorie and Jerry Tucker, were at the time of the filing of both this action and this Notice of Removal, citizens of the State of Texas. On information and belief Chip Valdone, was at the time of the filing of both this action and this Notice of Removal, a citizen of the State of California. On information and belief Scott and Sandra Bareham and Scott and Katrina Knowles, were at the time of the filing of both this action and this Notice of Removal, citizens of the State of Georgia. On information and belief Alysoun and Michael Holland, were at the time of the filing of both this action and this Notice of Removal, citizens of the State of Maryland. On information and belief Robert Camp, was at the time of the filing of both this action and this Notice of Removal, a citizen of the State of Michigan. On information and belief Anna Barrett, was at the time of the filing of both this action and this Notice of Removal, a citizen of the State of North Carolina. On information and belief Scott Nickell, was at the time of the filing of both this action and this Notice of Removal, a citizen of the State of Ohio. (Petition at 3).

8. Merck was, at the time of the filing of both this action and this Notice of Removal, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey, and is therefore a citizen of the State of New Jersey.

9. The remaining parties are fraudulently joined. Although Dr. Harvey Resnick is alleged to be an "individual licensed to practice and [who] does practice medicine in the State of Texas," and R/D Clinical Research, Inc. is alleged to be a Texas corporation, the

alleged citizenship of Dr. Resnick and R/D Clinical Research, Inc. (collectively "the Clinical Researchers") must be ignored because they are fraudulently joined in-state defendants. *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction). The Clinical Researchers are fraudulently joined because they did not design or manufacture VIOXX®, they did not sell or make any representations or warranties regarding VIOXX® to Plaintiffs, they had nothing to do with the treatment of Plaintiffs, and Plaintiffs' Petition makes no viable claims against them. Therefore, there is no "reasonable basis for predicting" that Plaintiffs will be able to establish the Clinical Researchers' liability in state court. *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 390 (5th Cir. 2000); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

10. Under Texas law, a prerequisite for tort liability is the existence of a legally cognizable duty. *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993). Plaintiffs' vague references to the Clinical Researchers discuss clinical testing that occurred before VIOXX® was even put on the market. (Petition at 5-6). The Texas Supreme Court has narrowly defined the duty owed by physicians in their rendering of medical care. *Praesel v. Johnson*, 967 S.W.2d 391, 396 (Tex. 1998) (the scope of the duty owed by physicians in providing medical care is limited "to their patients.") Under Texas law, a medical researcher has no duty to individuals or the general public to discover the possible adverse effects of a medication and warn them of these effects. *See, e.g., Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 295-96 (S.D. Tex. 2001) (holding that no cause of action existed for a failure to warn of the side effects of the drug against a party that did not manufacture the drug and was not involved in its chain of

distribution); *see also Artiglio v. Corning Inc.*, 957 P.2d 1313, 1320-21 (Cal. 1998) (no duty of care was owed by silicone researcher to the patients who received silicone implants).

11. Nor is there a duty owed under Texas law by the provider of medical services to third parties unless a physician-patient relationship exists between the two. *See Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315-16 (5th Cir. 1995) (concluding that laboratory owed no duty to the plaintiff whose urine it tested where the laboratory worked for and reported to the person's employer and not the plaintiff); *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347 (Tex. 1995) (holding that a testing laboratory owed no duty to plaintiff for the drug testing of plaintiff it conducted at the request of a third party, because such a duty "would charge [the laboratory] with responsibility that belongs to its clients."); *Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 96-97 (Tex. App.--Houston [14th Dist.] 1998, pet. denied) (testing laboratory owed no duty to person being tested for HIV where no physician-patient relationship exists); *see also Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 729-30 (5th Cir. 2002) (polygraph examiner owes no duty of reasonable care to the person examined at the request of a third party). In the instant case, the Clinical Researchers were employed by Merck to conduct research for Merck and did not treat Plaintiffs.

12. In addition, the Clinical Researchers did not design, manufacture, market, distribute, or sell VIOXX® to Plaintiff. A "fundamental principle of . . . products liability law is that the plaintiff must prove that the defendants supplied the product that caused the injury." *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989). Under Texas law, a person or entity that does not sell or introduce the product into the channels of commerce cannot be held liable for products liability. *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 616 (Tex. 1996) (entering summary judgment on products liability, negligence, and civil conspiracy claims for

defendant wheel manufacturer that did not design product at issue, but designed a prototype wheel which other manufacturers used as a basis for designing the allegedly defective product.) Clinical testing occurring before a product is put on the market does not constitute designing, manufacturing, marketing, distributing, or selling the product as is required to support a claim for products liability. *See id.* at 613 (holding that the "preparation of drawings or a prototype does not constitute designing the eventual product from which liability does lie.").

13. Furthermore, there is no reasonable basis for predicting that the Clinical Researchers would be held liable because Plaintiffs have not alleged any actionable facts with respect to the Clinical Researchers. *See, e.g., Griggs*, 181 F.3d at 699 (joinder of resident co-defendant was fraudulent due to lack of specific allegations of actionable conduct in the Petition). Plaintiffs' Petition alleges six theories of recovery against Merck. However, with the exception of a vague, legally defective, and untenable negligence claim, the Petition does not contain any specific claims against the Clinical Researchers. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523 (Tex. 1990) (no cause of action exists in negligence in the absence of a duty). As demonstrated above, the Clinical Researchers owe no duty to Plaintiffs, and therefore cannot be liable for negligence. The Petition refers to conduct allegedly committed by "Defendants" but "that can in no way be attributed to [the Clinical Researchers]" and instead is clearly directed at Merck. *Griggs*, 181 F.3d at 699.

14. To the extent that Plaintiffs' misrepresentation, fraud, and conspiracy allegations against "Defendants" purport to include claims against the Clinical Researchers, such claims are facially invalid and legally and factually unsupportable. The Clinical Researchers cannot be liable for fraudulent misrepresentation because they never made any representations about VIOXX® to Plaintiff. *See Ernst & Young, L.L.P., v. Pacific Mutual Life Ins. Co.*, 51

S.W.3d 573, 577 (Tex. 2001) (listing the elements of fraud under Texas law, including (1) a material representation, and (2) the representation was false.) Notably, Plaintiffs' Petition contains no allegations of specific conduct performed by the Clinical Researchers that would constitute fraud or misrepresentation under Texas law. There are no allegations of specific false representations made by the Clinical Researchers. For the same reasons, Plaintiffs' conspiracy claim cannot succeed because Plaintiffs cannot show the existence of an underlying intentional tort committed by the Clinical Researchers. "To establish a conspiracy claim . . . [plaintiffs] must prove both civil conspiracy and [an] underlying [intentional tort]" actionable against the individual conspirators. *Leigh v. Danek Medical, Inc.*, 28 F. Supp.2d 401, 405 (N.D. Tex. 1998). Because Plaintiffs cannot succeed on the underlying fraud claim, or any underlying claims, the conspiracy claim fails as a matter of law. *See, e.g., Ernst & Young*, 51 S.W.3d at 583 (rejection of fraud allegation "necessarily disposes" of conspiracy claim); *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997) ("Allegations of conspiracy are not actionable absent . . . fraud or concealment").

15. All of the properly joined and served Defendants consent to this removal.

16. The United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(a)(1) embraces the place in which the removed action was pending.

17. Pursuant to N.D. Tex. Local Rule 81.1, Merck is filing an original and one copy of this Notice of Removal, which is accompanied by copies of the following:

(1) an original and one copy of a completed civil cover sheet;

(2) an original and one copy of a supplemental civil cover sheet; and

(3) a copy of each of the following attached to both the original and copy of the Notice of Removal:

(A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court (Exhibit A);

(B) a copy of the docket sheet in the state court action (Exhibit B);

(C) each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date (Exhibit C); and

(D) a separately signed certificate of interested persons that complies with LR 3.1(f) (Exhibit D).

18. Plaintiffs did demand a jury in the state court action.

19. Merck will file promptly a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

20. This Notice of Removal has been served on all named parties to the removed case.

21. Merck accordingly prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in state court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BAKER BOTTS L.L.P.

Richard L. Josephson
State Bar No. 11031500
Federal ID No. 04614
910 Louisiana
Houston, Texas 77002
(713) 229-1460
Telecopy: (713) 229-1522

Earl B. Austin
State Bar No. 01437300
2001 Ross Avenue
Dallas, Texas 75201-2980
214-953-6500
Telecopy: 214-953-6503

ATTORNEYS-IN-CHARGE FOR
DEFENDANT MERCK & CO., INC.

OF COUNSEL:

Jim Staley
State Bar No. 24008071
Federal I.D. No. 23108
BAKER BOTTS L.L.P.
910 Louisiana
Houston, Texas 77002
(713) 229-1234
Telecopy: (713) 229-1522

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to counsel of record by certified mail, return receipt requested, on this 24 day of January, 2003, as follows:

Melissa Katz
WATERS & KRAUS L.L.P.
3219 McKinney Avenue
Dallas, Texas 75204

Richard Josephson